UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH SCOTT MCKINNEY (#595994) | CIVIL ACTION |
| VERSUS | |
| E. DUSTIN BICKHAM | 23-215-SDD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 1, 2023.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH SCOTT MCKINNEY (#595994)  CIVIL ACTION

VERSUS

23-215-SDD-RLB

E. DUSTIN BICKHAM

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the Dixon Correctional Institute, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden E. Dustin Bickham complaining that his constitutional rights have been violated due to ineffective assistance of inmate counsel. Plaintiff requests injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, as amended, Plaintiff alleges that inmate counsel failed to assist him in obtaining his trial transcripts and plaintiff was unable to review the transcripts for potential errors. Plaintiff has now learned of errors that occurred at trial but three of his claims are now time-barred. Due to the lack of assistance from inmate counsel, the petitioner was unable to file a viable direct appeal or application for post-conviction relief. Plaintiff requests that this Court allow him to review his trial transcripts, remove the time-bar, and provide an evidentiary hearing to present his claims.

Under 42 U.S.C. § 1983, in order for there to be a finding of liability, there must have been action undertaken by a state actor, *i.e*., a person acting under color of state law, and the co-inmate legal assistants in this case were not state actors. *See Banuelos v. McFarland,* 41 F.3d 232 (5th Cir. 1995) (holding that "the actions of counsel substitute[s] ... are not actions under the color of state law"); *Armenta v.. Pryor,* 377 F. App'x. 413 (5th Cir.2010) (holding that "counsel substitutes act on behalf of the inmate, ... and are therefore not amenable to suit under § 1983"). Thus, even if the plaintiff had named his inmate counsel as defendants his claims would still fail as they are not state actors.

The only defendant named is Warden Bickham. However, the plaintiff does not allege that the defendant had any specific intent to interfere with the plaintiff's right to seek appellate or post-conviction relief or was otherwise deliberately indifferent to his wish to do so. *See Richardson v. McDonnell,* 841 F.2d 120 (5th Cir.1988) (holding that there must be intentional interference with an inmate's access to the court in order for there to be liability in connection with this claim); *Herrington v. Martin,* 2009 WL 5178340 (W.D. La. 2009) (holding that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduction on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983.''). Accordingly, in light of the plaintiff's failure to allege any intentional wrongful conduct on the part of defendant Bickham, the plaintiff has failed to state a cause of action which is cognizable in this Court.

## RECOMMENDATION

It is recommended that the plaintiff's claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on August 1, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."